IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRELL KNIGHT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>C/O DUTCHER , et al., )<br>)<br>Defendants. ) | 4:05cv3288<br><br>ORDER TO SHOW CAUSE |

This matter is before the court on the defendants' Motions to Dismiss the complaint and to stay discovery. Among other matters, the defendants assert that the plaintiff, Tyrell Knight, a prisoner, failed to exhaust available administrative remedies before filing the above-entitled action concerning conditions at the Douglas County Correctional Center ("DCCC") while the plaintiff was incarcerated there.

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") states:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. failed to file grievances regarding the subject matter of his complaint prior to filing his complaint in this court.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action pursuant to 42 U.S.C. § 1983 challenging prison conditions unless available administrative remedies have been exhausted.  See Porter v. Nussle, 534 U.S. 516 (2002) (exhaustion is mandatory). See also Lyon v. Del Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002):

> The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. § 1997e(a) to require that inmates who have civil rights claims must first exhaust all administrative remedies before bringing an action under § 1983. See Booth v. Churner, 532 U.S. 731, 733-34 ... (2001).  This is true even

though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available. Id. at 737-41....

"Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. [The plaintiff] failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (citation omitted). Accord Massey v. Helman, 259 F.3d 641, 644 n.6 (7th Cir. 2001).

Dismissal is the proper disposition if a case subject to the PLRA is filed before the plaintiff has exhausted administrative remedies. Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA does not permit a stay of the litigation pending exhaustion. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

The defendants assert that the plaintiff failed to complete the exhaustion process before filing this lawsuit. If correct, this case could be subject to dismissal as to all defendants, although without prejudice. Therefore, the plaintiff will be required to file a Response to this Order to Show Cause in which he shall set forth a description of the efforts he made to submit grievances, and he shall provide any evidence he may have that he completed the grievance procedures available at DCCC for exhaustion of administrative remedies. If the plaintiff could not complete exhaustion of remedies, he shall explain why.

IT IS THEREFORE ORDERED:

1. That by June 30, 2006, the plaintiff shall file a "Response to Order to Show Cause" in which he shall describe the efforts he made to exhaust administrative remedies, and he shall provide any evidence he may have that he completed the grievance

procedures available at DCCC for exhaustion of administrative remedies; if the plaintiff could not complete exhaustion of remedies, he shall explain why; and

    2.    That in the absence of a timely and sufficient Response to Order to Show Cause, this action may be subject, without further notice, to dismissal without prejudice on the basis of 42 U.S.C. § 1997e(a).

    DATED this 14th day of June, 2006.

                                 BY THE COURT:

                                 s/Laurie Smith Camp
                                 United States District Judge