IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3288 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNKNOWN DUTCHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) Filing No. 12, the plaintiff's Motion for Additional Forms to serve each defendant in his or her individual capacity; (2) Filing No. 13, the plaintiff's Motion for Leave to Supplement Complaint; (3) Filing No. 18, the defendants' Motion to Dismiss; and (4) Filing No. 21, the defendants' Motion to Stay Discovery.  The plaintiff, Tyrell Knight, a prisoner in the custody of the Nebraska Department of Correctional Services, complains of wanton and excessive force used against him and deficient medical treatment while he was temporarily held at the Douglas County Correctional Center ("DCCC") for approximately a week in November of 2005.

In Filing No. 13, the plaintiff seeks leave to amend his complaint to specify that he has sued the defendants (DCCC corrections officers) in both their individual and official capacities.  Filing No. 13 is granted.  In Filing No. 12, the plaintiff requests additional summons forms and USM-285 forms to complete and return to the Clerk of Court so that the U.S. Marshal can serve the defendants in their individual capacity on the plaintiff's behalf.  Filing No. 12 is granted, and the Clerk of Court shall send the plaintiff a summons and 285-form for each defendant who has been identified at least in part, i.e.:  Thach,

Guenette, McCormick, Gensler, Baker, Danielle, and Chief Deputy of Corrections for DCCC. Filing No. 15 indicates that the plaintiff has already served Douglas County, Nebraska by service upon the Douglas County Clerk.

In their Motion to Dismiss, the defendants first allege that the plaintiff failed to comply with 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), which requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." (Emphasis added.) 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The plaintiff alleges, however, that he completed as much of the grievance process at DCCC as was "available" to him in the seven days he spent there, and he has provided evidence to that effect (Filing No. 25). Therefore, the defendants' reliance on 42 U.S.C. § 1997e(a) is misplaced.

The defendants also contend that the plaintiff fails to state a claim on which relief may be granted. However, the plaintiff makes accusations of brutality, and, construed liberally, alleges that the County, acting through DCCC, has a policy or practice of deliberate indifference, i.e., allowing such conduct to occur or failing to train DCCC personnel to forego or prevent such mistreatment.

THEREFORE, IT IS ORDERED:

1. That Filing No. 12, the plaintiff's Motion for Additional Forms to serve each defendant in his or her individual capacity, is granted, and the Clerk of Court shall immediately send the forms to the plaintiff; the plaintiff shall complete the forms and return them to the Clerk of Court within thirty days for service of process by the U.S. Marshal;

2. That Filing No. 13, the plaintiff's Motion for Leave to Supplement Complaint, is granted, and the amendment is accepted for filing instanter;

3. That Filing No. 18, the defendants' Motion to Dismiss, is denied; and

4. That Filing No. 21, the defendants' Motion to Stay Discovery, is denied as moot.

DATED this 21st day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3